# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
# www.flmb.uscourts.gov

In re:

206, GOLDEN, LLC,

    Debtor.

_____/

Chapter 11

Case No. 8:21-bk-04780-MGW

## AMENDED[1] OBJECTION TO CLAIM

### NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602 and, if the moving party is not represented by an attorney, mail a copy to Underwood Murray P.A., 100 North Tampa St., Suite 2325, Tampa, FL 33602, within 30 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response

Eagle Healthcare, LLC, Senior Care CF, LLC, Payroll Processing & Personnel, LLC, TK Practitioners, LLC, and Volunteer Prop. of Davenport, LLC ("***Creditors***") by and through the undersigned attorney, object to the proof of claim filed in this case by The Estate of Ronald Charles Lada, by and through Bill Charles Lada, Personal Representative ("***The Lada Estate***"), and in support thereof state as follows:

---

[1] Amended to update service addresses.

This case was commenced by the filing of a bankruptcy petition on September 17, 2021. The Lada Estate filed a purported proof of claim ("**Claim No. 1**") in the amount of $875,000.00 for a final judgment and fee order. Of this claim, $375,000 arises from a judgment in the State Court Action (defined below). $500,000 of Claim No. 1 appears to be comprised of legal fees far exceeding the judgment counsel for The Lada Estate obtained.

Creditors object to Claim No. 1 because there is insufficient documentation to support the fees sought. The only exhibits to Claim No. 1 are limited pleadings for *The Estate of Ronald Charles Lada, by and through Bill Charles Lada, Personal Representative vs. 206 Golden, LLC d/b/a The Crossroads*, Case No. 18-CA-002891, in the Circuit Court for the Tenth Judicial Circuit, in and for Polk County, Florida (the "**State Court Action**"). None of the exhibits support the purported amount of fees and expenses pursuant to section 768.79 of the Florida Statutes and Rule 1.442 of the Florida Rules of Civil Procedure.

The Lada Estate must submit time records and other actual expenses proofs to demonstrate entitlement to the fees and expenses sought in Claim No. 1.

When supporting documents are provided, Creditors believe the fees sought in Claim No. 1 will likely be objectionable because they are excessive and unreasonable. The fees sought are disproportionate to the results achieved. The Lada Estate initially sought $12 million at trial, but only $375,000 in actual damages were awarded. This disparity is due, in part, to The Lada Estate's counsel's inability to lay a foundation for medical bills during the trial and resulting failure to prove alleged damages.

Despite the disparity between damages sought and damages awarded, The Lada Estate seeks a fee award that exceeds the actual damage award.

Upon information and belief, the hourly rate to be sought is unreasonable as it is considerably higher than the customary rate of fee for this locale and type of work, as well as being inconsistent with the hourly rate historically charged. In addition, the fee sought may be comprised of an unreasonable and unnecessary contingent fee multiplier. Creditors would be able to be more precise in this regard if Claim No. 1 had any detail to support the fees and expenses sought.

Creditors reserve the right to raise additional challenges to Claim No. 1, to the extent The Lada Estate provides documentation to support its claim.

WHEREFORE, the Creditors respectfully request that the Court: (1) Sustain the Creditors' objection to the proof of claim; and (2) Disallow the claim beyond the amount of the judgment as The Lada Estate has not presented sufficient support for any fees or expenses sought.

Dated: February 4, 2022.

Respectfully submitted,

/s/ Scott A. Underwood
Scott A. Underwood, Esq.
Florida Bar No. 0730041
Melissa J. Sydow, Esq.
Florida Bar No. 39102
UNDERWOOD MURRAY, P.A.
Regions Building
100 North Tampa St., Suite 2325
Tampa, FL  33602
Tel: (813) 540-8401 / Fax: (813) 553-5345
Email:
sunderwood@underwoodmurray.com
   msydow@underwoodmurray.com
*Attorneys for KC Cross, Eagle Healthcare, LLC, Senior Care CF, LLC, Payroll Processing & Personnel, LLC, TK Practitioners, LLC, and Volunteer Prop. of Davenport, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing, which was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, and by U.S. Mail to the following, this 4th day of February, 2022:

The Estate of Ronald Charles Lada, by and through
Bill Charles Lada, Personal Representative
c/o Anthony & Partners
100 S. Ashley Dr., Suite 1600
Tampa, FL 33602

*Debtor*
206 Golden, LLC
6511 Nova Drive, Ste 168
Fort Lauderdale, FL 33317

*Trustee*
Douglas N Menchise
Douglas N. Menchise P.A.
PO Box 14957
Clearwater, FL 33766

                                                  /s/ Scott A. Underwood
                                                  Scott A. Underwood, Esq.
                                                  Florida Bar No. 0730041