ORDERED.

Dated:  October 27, 2023

*Catherine M. Ewen*
Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

206 Golden, LLC,    Case No.: 8:21-bk-04780-CPM
dba The Crossroads,    Chapter 7

　　　　　Debtor.
_____/

**ORDER GRANTING JOINT MOTION TO APPROVE COMPROMISE**
**WITH LITIGATION PARTIES, AS AMENDED (DOC. 217, 277)**

THIS CASE came before this Court for hearing on October 19, 2023, on the Joint Motion to Approve Compromise with Litigation Parties (Doc. 217) ("Motion") filed by Douglas N. Menchise, as Chapter 7 Trustee ("Trustee"), as amended (Doc. 277) (collectively, the "Motion"). This Court reviewed the Motion and the terms of the compromise, as amended, and is familiar with the papers and pleadings in this case and related adversary proceedings and other litigation. The Motion seeks to settle all disputes between the parties to three adversary proceedings filed by the Trustee:

(i)　　Against American Express Company and American Express National Bank (collectively, "American Express"), Adv. No. 8:22-ap-00102-CPM (the "Amex AP");

(ii) Against Center for Aging and Rehabilitation of Davenport, Inc. ("CARD"), Adv. No. 8:22-ap-00107-CPM; and

(iii) Against Karl E. "KC" Cross ("Cross"); Eagle Healthcare, LLC, Senior Care CF, LLC, Payroll Processing & Personnel, LLC, T K Practitioners, LLC, N969KT, LLC, and Volunteer Properties of Davenport, LLC (collectively, the "Cross Entities"), Adv. No. No. 8:22-ap-00116-CPM.

The Estate of Ronald Charles Lada ("Lada Estate") objected to the Motion (Doc. 219) (the "Objection"), and subsequently CARD, Cross and the Cross Entities sought to withdraw from the settlement that was subject to the Motion (*see* Doc. 263). On October 2, 2023, the Trustee, Lada Estate, CARD, Cross, and the Cross Entities participated in an additional mediation, at which time the parties agreed to amend the terms of the initial settlement to resolve the Lada Estate's Objection. On October 3, 2023, the Trustee filed the Mediation Settlement Term Sheet (Doc. 277-1), which set forth the amended terms of the settlement agreement, and at the October 19, 2023 hearing, the Lada Estate withdrew its Objection based on the amended terms of the settlement.

Being otherwise fully advised in the premises, and for the reasons stated in open Court, which shall constitute the decision of this Court, this Court finds and concludes that the settlement, as amended, between the Trustee, American Express, CARD, Cross and the Cross Entities, is reasonable and in the best interests of creditors and the estate in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure and considering the factors set forth in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990). Accordingly, it is

**ORDERED** as follows:

1. The Motion is hereby **GRANTED** and the settlement, as amended, is **APPROVED**.[1]

---

[1] To the extent terms of the settlement, as amended, conflict with the terms of this Order, this Order shall control.

2. Pursuant to the settlement, as amended, the Trustee shall receive a total of $740,000.00 ("Settlement Amount"), which the parties agreed is to be allocated and paid as follows:

    (a) American Express shall pay to the Trustee $125,000.00 in accordance with the terms of paragraph 2(a)(i) of the Settlement Agreement at Doc. 217;

    (b) The Trustee shall retain the disputed funds in the amount of $341,353.48 held in Accounts numbered 0000149204237 and 0000149204253, deposited with Truist Bank, to which CARD previously asserted an interest, currently in possession of the Trustee, with CARD and all other of the Settling Parties' waiving any interest in such funds; and

    (c) Cross and/or the Cross Entities, jointly and severally, and in any proportion to which each of those parties agree, shall pay or cause to be paid to the Trustee the remaining sum of the Settlement Amount in the amount of $273,646.52 within 14 days of the date this Order becomes final.

3. The Trustee and his counsel, Shumaker, Loop & Kendrick, LLP, agree to a cap of $365,000.00 on allowed Chapter 7 administrative expenses, to be paid as follows: (i) Shumaker distributions of approximately $275,368.33 on account of allowed fees (less amounts needed to prepare the final tax return) plus allowed out of pocket expenses of $18,620.30, representing a substantial discount on allowed administrative expenses, (ii) Trustee distribution of $40,000.00, (iii) Oscher Consulting allowed administrative expenses of $31,011.37, and (iv) fees incurred in preparation of the Debtor's final tax return, such that the allowed claims of unsecured creditors shall receive a distribution of approximately $375,000.00.

4. All Insider claims of CARD, Cross or the Cross Entities are hereby subordinated to the claims of all unsecured creditors, and shall receive no distribution from the Bankruptcy Estate.

5. Upon full payment of the Settlement Amount, the Trustee and American Express shall be deemed to generally release each other as set forth in paragraphs 4 and 5 of the Settlement Agreement at Doc. 217, including for all matters pre- and post-petition that were or could have been raised in the pending adversary proceedings.

6. Upon full payment of the Settlement Amount, the Trustee and CARD shall be deemed to generally release each other for all matters pre- and post-petition that were or could have been raised in the pending adversary proceedings, including CARD's waiver of any interest in the non-trust funds currently held by the Trustee. Further, CARD shall withdraw any pending motions or contested matters.

7. Upon full payment of the Settlement Amount, the Trustee and Cross and the Cross Entities shall be deemed to generally release each other for all matters pre- and post-petition that were or could have been raised in the pending adversary proceedings, and Cross and the Cross Entities shall withdraw any proofs of claim filed by Cross or the Cross Entities.

8. Upon full payment of the Settlement Amount, the Lada Estate shall be deemed to generally release CARD, Cross, the Cross Entities, any affiliates thereof, and their respective officers, directors, agents, employees, and attorneys and professionals (collectively, the "Cross Parties") from any and all actual or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys' fees, liabilities, and indemnities, of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, arising from or relating to any claims asserted or that could have been asserted against CARD or the other Cross Parties by Lada related in any manner to the Debtor or the Bankruptcy Case at any time prior to the execution of this Agreement, including, without limitation, any claims under Chapter 5 of the Bankruptcy Code or comparable state statutes.

9. The releases in paragraphs 7, 8, 9 and 10 of the Settlement Agreement at Doc. 217 shall remain in effect and fully enforceable.

###

Attorney Steven M. Berman is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.